Filed 5/10/23 P. v. Nash CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080063 |
| v. | (Super.Ct.No. FSB045154) |
| JARVIN O'NEAL NASH, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Alexander R. Martinez, Judge. Dismissed.

Jarvin O'Neal Nash, in pro. per.; Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Jarvin O'Neal Nash appeals from the San Bernardino Superior Court's denial of his petition for resentencing made pursuant to section 1172.6 of the Penal Code.[1]

In 2004, a jury convicted defendant of attempted first degree burglary of an inhabited dwelling. (§§ 664, 459.) In a separate proceeding, the trial court found true the allegations defendant had suffered two prior burglary convictions that were strikes coming within sections 1170.12, subdivisions (a) through (d), and 667, subdivisions (b) through (i). In 2005, the court sentenced defendant to state prison for a term of 25 years to life.

In July 2022, defendant petitioned the trial court for resentencing pursuant to section 1172.6. The court issued a memorandum of decision denying the petition on the grounds that defendant is not eligible for relief because section 1172.6 applies only to persons convicted of murder, attempted murder, or manslaughter. Defendant timely noticed this appeal.

Defendant's appointed appellate counsel filed a no-issues brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216. We invited defendant to file a personal supplemental brief and cautioned him that failure to file a supplemental brief would result in dismissal of his appeal. He responded by filing a lengthy document with a cover sheet bearing the title, "Supplemental brief in the form of a habeas corpus to determine a

---

[1] Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10). For the sake of simplicity, we refer to the provision by its new numbering. All further statutory references are to the Penal Code.

specific argument presented in People v. Chiu 59 Cal.4th 155 (2014) and Rosemond v. United States 134 S.Ct. 1240 (2014) a defendant has been punished for unintended consequences of the unforeseen actions of others; request for evidentiary hearing." The body of the document consists of a Judicial Council Forms, form HC-001, petition for writ of habeas corpus, with attachments.

As defendant recognizes in his submission, an appeal is not the proper procedural vehicle to mount a collateral attack on the judgment entered in 2005 and to seek an order to show cause. Although defendant may file his petition for habeas corpus in a separate proceeding, we dismiss his appeal as abandoned for failure to file a supplemental brief.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____
                                                                            P. J.

We concur:

McKINSTER_____
                    J.

MILLER_____
                    J.